LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
    ABM Janitorial Northeast, Inc. and Francis Nagrowski
885 Third Avenue, 16th Floor
New York, NY  10022.4834
212.583.9600

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SANELA KOLENOVIC,

          Plaintiff,

      -against-

ABM INDUSTRIES, INC., ABM ENGINEERING
SERVICES COMPANY, ABM JANITORIAL
NORTHEAST, INC. and FRANCIS NAGROWSKI,

          Defendants.

---

Civil Action No. 08 CV 0067 (WHP)

**<u>DEFENDANTS' ORIGINAL ANSWER</u>**
**<u>AND DEFENSES</u>**

      Defendants ABM Janitorial Northeast, Inc. and Francis Nagrowski, by and through their undersigned counsel, hereby submit their Answer and Defenses to Plaintiff's Complaint ("Complaint") in the above-captioned matter.  Answering the Complaint by correspondingly numbered paragraphs, Defendants state as follows:

### <u>NATURE OF THE CASE</u>

      1.      Defendants admit the allegations in paragraph 1 of the Complaint that Plaintiff purports to bring claims against Defendants under Title VII of the Civil Rights Act of 1964 and under the laws of the City and State of New York, but categorically deny that they have engaged in any unlawful activity under those statutes, or any other local, state or federal statute.

      2.      Defendants admit the allegations in paragraph 2 of the Complaint that Plaintiff purports to brings claims against Defendants under the laws of the State of New York and the

Administrative Code of the City of New York, but categorically deny that they have engaged in any unlawful activity under those statutes, or any other local, state or federal statute.

### JURISDICTION AND VENUE

3.    Defendants admit the allegations in paragraph 3 of the Complaint.

4.    Defendants deny the allegations in paragraph 4 of the Complaint, except admit only that venue is proper in the Southern District of New York.

### PARTIES

5.    Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 5 of the Complaint.

6.    Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 6 of the Complaint that ABM Industries Incorporated is a domestic corporation duly existing in the State of New York.

7.    Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 7 of the Complaint that ABM Industries Incorporated is a foreign corporation which does business in the State of New York.

8.    Defendants deny the allegations in paragraph 8 of the Complaint.

9.    Defendants admit the allegations in paragraph 9 of the Complaint.

10.   Defendants deny the allegations in paragraph 10 of the Complaint.

11.   Defendants admit the allegations in paragraph 11 of the Complaint.

12.   Defendants admit the allegations in paragraph 12 of the Complaint.

13.   Defendants deny the allegation in paragraph 13, except admit that ABM Janitorial Northeast, Inc. has offices at 551 Fifth Avenue.

14.    Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 14 of the Complaint that Plaintiff is American. Defendants admit the allegation in paragraph 14 that Plaintiff is a woman.

15.    Defendants deny the allegations in paragraph 15 of the Complaint, except admit that Plaintiff was employed by ABM Janitorial Northeast, Inc.

16.    Defendants deny the allegations in paragraph 16 of the Complaint, except admit that Nagrowski is employed by ABM Janitorial Northeast, Inc.

17.    Defendants admit the allegation in paragraph 17 of the Complaint.

18.    Defendants deny the allegations in paragraph 18 of the Complaint.

19.    Defendants deny the allegations in paragraph 19 of the Complaint.

20.    Defendants deny the allegations in paragraph 20 of the Complaint, except admit that Plaintiff was employed by ABM Janitorial Northeast, Inc.

21.    Defendants deny the allegations in paragraph 21 of the Complaint, except admit that Plaintiff worked at the 225 Liberty Street location.

## MATERIAL FACTS

22.    Defendants deny the allegations in paragraph 22 of the Complaint, except admit that Plaintiff's discrimination charge is dated February 22, 2007.

23.    Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 23 of the Complaint.

24.    Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 24 of the Complaint.

25.    Defendants deny the allegations in paragraph 25 of the Complaint, except admit that Plaintiff was hired to work for ABM Janitorial on or about October 31, 2005.

26.    Defendants deny the allegations in paragraph 26 of the Complaint.

27.    Defendants deny the allegations in paragraph 27 of the Complaint.

28.    Defendants deny the allegations in paragraph 28 of the Complaint.

29.    Defendants deny the allegations in paragraph 29 of the Complaint.

30.    Defendants deny the allegations in paragraph 30 of the Complaint.

31.    Defendants deny the allegations in paragraph 31 of the Complaint.

32.    Defendants deny the allegations in paragraph 32 of the Complaint.

33.    Defendants deny the allegations in paragraph 33 of the Complaint.

34.    Defendants deny the allegations in paragraph 34 of the Complaint.

35.    Defendants deny the allegations in paragraph 35 of the Complaint.

36.    Defendants deny the allegations in paragraph 36 of the Complaint.

37.    Defendants deny the allegations in paragraph 37 of the Complaint.

38.    Defendants deny the allegations in paragraph 38 of the Complaint.

39.    Defendants deny the allegations in paragraph 39 of the Complaint.

40.    Defendants deny the allegations in paragraph 40 of the Complaint.

41.    Defendants deny the allegations in paragraph 41 of the Complaint.

42.    Defendants deny the allegations in paragraph 42 of the Complaint.

43.    Defendants deny the allegations in paragraph 43 of the Complaint.

44.    Defendants deny the allegations in paragraph 44 of the Complaint.

45.    Defendants deny the allegations in paragraph 45 of the Complaint.

46.    Defendants deny the allegations in paragraph 46 of the Complaint.

47.    Defendants deny the allegations in paragraph 47 of the Complaint.

48.    Defendants deny the allegations in paragraph 48 of the Complaint.

49.    Defendants deny the allegations in paragraph 49 of the Complaint.

50.     Defendants deny the allegations in paragraph 50 of the Complaint.

51.     Defendants deny the allegations in paragraph 51 of the Complaint.

52.     Defendants deny the allegations in paragraph 52 of the Complaint.

53.     Defendants deny the allegations in paragraph 53 of the Complaint.

54.     Defendants deny the allegations in paragraph 54 of the Complaint.

55.     Defendants deny the allegations in paragraph 55 of the Complaint.

56.     Defendants deny the allegations in paragraph 56 of the Complaint.

57.     Defendants deny the allegations in paragraph 57 of the Complaint and further deny that Plaintiff is entitled to punitive damages.

## AS A FIRST CAUSE OF ACTION FOR DISCRIMINATION UNDER STATE LAW

58.     With regard to paragraph 58 of the Complaint, Defendants repeat, reiterate and reallege every and every response to Paragraphs 1–58 of the Complaint with the same force and effect as if fully set forth herein at length.

59.     The allegations set forth in paragraph 59 of the Complaint are allegations of law requiring no response.

60.     Defendants deny the allegations in paragraph 60 of the Complaint.

61.     Defendants deny that Plaintiff is entitled to any relief or has a valid claim against Defendants as alleged in paragraph 61 of the Complaint.

## AS A SECOND CAUSE OF ACTION FOR DISCRIMINATION UNDER STATE LAW

62.     With regard to paragraph 62 of the Complaint, Defendants repeat, reiterate and reallege every and every response to Paragraphs 1–62 of the Complaint with the same force and effect as if fully set forth herein at length.

63.     The allegations set forth in paragraph 63 of the Complaint are allegations of law requiring no response.

64.     Defendants deny the allegations in paragraph 64 of the Complaint.

## AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION
## UNDER STATE LAW

65.     With regard to paragraph 65 of the Complaint, Defendants repeat, reiterate and reallege every and every response to Paragraphs 1–65 of the Complaint with the same force and effect as if fully set forth herein at length.

66.     The allegations set forth in paragraph 66 of the Complaint are allegations of law requiring no response.

67.     Defendants deny the allegations in paragraph 67 of the Complaint.

## AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

68.     With regard to paragraph 68 of the Complaint, Defendants repeat, reiterate and reallege every and every response to Paragraphs 1–68 of the Complaint with the same force and effect as if fully set forth herein at length.

69.     The allegations set forth in paragraph 69 of the Complaint are allegations of law requiring no response.

70.     Defendants deny the allegations in paragraph 70 of the Complaint.

71.     Defendants deny that Plaintiff is entitled to any relief or has a valid claim against Defendants as alleged in paragraph 71 of the Complaint.

## AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

72.     With regard to paragraph 72 of the Complaint, Defendants repeat, reiterate and reallege every and every response to Paragraphs 1–72 of the Complaint with the same force and effect as if fully set forth herein at length.

73.     The allegations set forth in paragraph 73 of the Complaint are allegations of law requiring no response.

74.     Defendants deny the allegations in paragraph 74 of the Complaint.

## AS A SIXTH CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

75.     With regard to paragraph 75 of the Complaint, Defendants repeat, reiterate and reallege every and every response to Paragraphs 1–75 of the Complaint with the same force and effect as if fully set forth herein at length.

76.     The allegations set forth in paragraph 76 of the Complaint are allegations of law requiring no response.

77.     Defendants deny the allegations in paragraph 77 of the Complaint.

## AS A SEVENTH CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

78.     With regard to paragraph 78 of the Complaint, Defendants repeat, reiterate and reallege every and every response to Paragraphs 1–78 of the Complaint with the same force and effect as if fully set forth herein at length.

79.     The allegations set forth in paragraph 79 of the Complaint are allegations of law requiring no response.

80.     Defendants deny the allegations in paragraph 80 of the Complaint.

**AS A EIGHTH CAUSE OF ACTION FOR DISCRIMINATION
UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**

81.     With regard to paragraph 81 of the Complaint, Defendants repeat, reiterate and reallege every and every response to Paragraphs 1–81 of the Complaint with the same force and effect as if fully set forth herein at length.

82.     The allegations set forth in paragraph 82 of the Complaint are allegations of law requiring no response.

83.     Defendants deny the allegations in paragraph 83 of the Complaint.

**AS A NINTH CAUSE OF ACTION FOR DISCRIMINATION
UNDER TITLE VII**

84.     With regard to paragraph 84 of the Complaint, Defendants repeat, reiterate and reallege every and every response to Paragraphs 1–84 of the Complaint with the same force and effect as if fully set forth herein at length.

85.     The allegations set forth in paragraph 85 of the Complaint are allegations of law requiring no response.

86.     Defendants deny the allegations in paragraph 86 of the Complaint.

**AS A TENTH CAUSE OF ACTION FOR DISCRIMINATION
UNDER TITLE VII**

87.     With regard to paragraph 87 of the Complaint, Defendants repeat, reiterate and reallege every and every response to Paragraphs 1–87 of the Complaint with the same force and effect as if fully set forth herein at length.

88.     The allegations set forth in paragraph 88 of the Complaint are allegations of law requiring no response.

89.     Defendants deny the allegations in paragraph 89 of the Complaint.

## INJURY AND DAMAGES

90.    Defendants deny the allegations in paragraph 90 of the Complaint and further deny that Plaintiff is entitled to any and all damages as alleged in paragraph 90.

91.    Defendants admit that Plaintiff demands trial by jury.

92.    Defendants deny the allegations in the WHEREFORE paragraph of the Complaint and further deny that Plaintiff is entitled to any and all damages, as alleged in the WHEREFORE paragraph (A) - (F) of the Complaint.

93.    Any allegations contained in Plaintiff's Complaint which have not been specifically admitted herein, are hereby denied.

## DEFENSES

## FIRST DEFENSE

94.    The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

95.    The Complaint, and each purported claim alleged therein, fails to allege facts sufficient to allow recovery of compensatory or punitive damages.

## THIRD DEFENSE

96.    Each and every action taken by Defendants with regard to Plaintiff was based on legitimate, non-discriminatory and non-retaliatory business reasons.

## FOURTH DEFENSE

97.    Any actions taken in regard to Plaintiff were neither willful nor intentional, and were taken without malice.

## FIFTH DEFENSE

98.    Plaintiff's claims are barred to the extent that they were not made the subject of a timely charge of discrimination, are beyond the scope of the charge of discrimination, and/or to the extent that Plaintiff otherwise failed to exhaust her administrative remedies prior to filing this action.

## SIXTH DEFENSE

99.    Plaintiff's claims are barred to the extent that they were filed beyond the applicable statutes of limitations.

## SEVENTH DEFENSE

100.    Some or all the claims asserted in the Complaint may be barred by Plaintiff's failure to mitigate her damages, if any.

## EIGHTH DEFENSE

101.    Defendants are entitled to a set-off against Plaintiff's claims of damage in the amount(s) that Plaintiff did or could have earned through reasonable efforts.

## NINTH DEFENSE

102.    Defendant ABM Janitorial Northeast, Inc exercised reasonable care to prevent and promptly correct any hostile and offensive treatment allegedly experienced by Plaintiff. Further, Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant ABM Janitorial Northeast, Inc, or otherwise available to her, to avoid the harm she allegedly experienced.

## TENTH DEFENSE

103.    Plaintiff's claims fail because Defendants would have taken the same employment action(s) against Plaintiff in the absence of any alleged unlawful motive.

## ELEVENTH DEFENSE

104    Defendants, in whole or in part, are not proper defendants for some or all of Plaintiff's claims in this lawsuit.

## TWELFTH DEFENSE

105.    Defendants are entitled to their attorney's fees and costs as prevailing parties.

## THIRTEENTH DEFENSE

106.    Plaintiff's claims for compensatory and punitive damages are subject to all statutory limitations.

## FOURTEENTH DEFENSE

107.    Plaintiff's claims for punitive damages are unconstitutional. Plaintiff's claims for punitive damages are further unwarranted because Defendant ABM Janitorial Northeast, Inc has anti-discrimination policies in place and has educated its employees on these policies.

## FIFTEENTH DEFENSE

108.    Plaintiff's damages, if any, were not caused by Defendants; rather they were caused by Plaintiff and/or third parties.

## SIXTEENTH DEFENSE

109.    Plaintiff cannot recover punitive damages for any alleged discrimination, harassment or retaliation because any such alleged discrimination, harassment or retaliation would be contrary to Defendants' good faith efforts to comply with laws governing such conduct.

## SEVENTEENTH DEFENSE

110.    Plaintiff's claims under the New York City Administrative Code should be dismissed because, upon information and belief, Plaintiff failed to serve a copy of the Complaint

upon the City Commission on Human Rights within ten (10) days after having commenced this action. N.Y.C. Admin. Code § 8-502(c).

## EIGHTEENTH DEFENSE

111.    Plaintiff's damages are barred, in whole or in part, by the after-acquired evidence doctrine.

Defendants reserve the right to assert additional affirmative and other defenses, as appropriate.

WHEREFORE, Defendants ABM Janitorial Northeast, Inc and Francis Nagrowski respectfully request that the claims contained in Plaintiff's Complaint be dismissed with prejudice; that Plaintiff take nothing for any of her claims set forth therein; that Defendants recover their costs, disbursements, expenses, and attorneys' fees herein; and that the Court grant such other and further relief as it may deem just and proper.

Date:    February 11, 2008
         New York, New York

/s/ Deke W. Bond
Craig R. Benson (CB 9531)
Deke W. Bond (DB 0349)
LITTLER MENDELSON
  A Professional Corporation
885 Third Avenue, 16th Floor
New York, NY  10022.4834
212.583.9600

Attorneys for Defendants ABM Janitorial
Northeast, Inc. and Francis Nagrowski

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

SANELA KOLENOVIC,

               Plaintiff,                  Civil Action No. 08 CV 0067 (WHP)

     -against-

ABM INDUSTRIES, INC., ABM ENGINEERING    **CERTIFICATE OF SERVICE**
SERVICES COMPANY, ABM JANITORIAL
NORTHEAST, INC. and FRANCIS NAGROWSKI,

               Defendants.

I hereby certify that on February 11, 2008, I served the foregoing on the following by filing it electronically with Clerk of the above-captioned Court using its CM/ECF systems and by also sending a copy via First Class Mail, by placing said copy into a sealed envelope with postage affixed thereon into an official depository under the exclusive care and custody of the United States Postal Service, upon:

                  Derek T. Smith
                  Akin & Smith, LLC
                  Attorneys for Plaintiff
                  305 Broadway
                  Suite 1101
                  New York, NY 10007

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 11th day of February 2008, in New York, New York.

                                            *Pat Seward*
                                        Pat Seward

Firmwide:84274033.1 052796.1017