LITTLER MENDELSON®

*USDC SDNY*
*DOCUMENT*
*ELECTRONICALLY FILED*
*DOC #:* _____
*DATE FILED:* 8/5/08

July 28, 2008

*MEMO ENDORSED*

Deke W. Bond
Direct: 212.497.6849
Direct Fax: 646.219.5946
dbond@littler.com

**VIA OVERNIGHT COURIER**

The Honorable William H. Pauley
United States District Judge , Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 2210
New York, NY  10007

*JUL 2 9 2008*

*Application granted.*

**Re:    _Sanela Kolenovic v. ABM Industries, Inc., et al._**   SO ORDERED:
**Case No. 08-CV-0067 (WHP)**

Dear Judge Pauley:

WILLIAM H. PAULEY III U.S.D.J.
*8/4/08*

On behalf of Defendants ABM Janitorial Northeast, Inc. ("ABM") and Frank Nagrowski
("Nagrowski") and in accordance with Your Honor's rules of practice, we respectfully
submit this request for a pre-motion conference in connection with Defendants' anticipated
motion for summary judgment. *The pre-motion conference shall be held on August 22, 2008 at 10:45 a.m.*

**I.    Nature of Case and Brief Summary of Facts.**

Plaintiff Sanela Kolenovic is a former ABM employee who now sues ABM and Nagrowski,
her former supervisor, for harassment, retaliation and discrimination under Title VII of the
Civil Rights Act of 1964, the New York State Executive Law § 296 and New York
Administrative Code § 8-107.   Plaintiff claims that Nagrowski subjected her to sexual
harassment and gender discrimination during her tenure as his assistant.   Plaintiff also claims
that she was retaliated against after complaining to ABM about the alleged harassment.

Specifically, Plaintiff alleges that Nagrowski made a handful of derogatory comments in
reference to, or in front of, Plaintiff and other employees and, one time, jokingly asked her if
she wanted to make some extra money at a bachelor party.   A week after this alleged joke,
Plaintiff became frustrated at work due to her inability to handle billing issues, walked off
the job and then contacted a company manager complaining about the alleged joke.   ABM
promptly conducted an investigation and determined only that Nagrowski had made an
inappropriate joke about a bachelor party to Plaintiff.   None of the other comments alleged
by Plaintiff during the investigation were substantiated.   In fact, not one of the employees
who Plaintiff claims witnessed these comments corroborated her story.   Accordingly, ABM
placed a letter of reprimand in Nagrowski's file and required him to take a sensitivity
training course.   ABM informed Plaintiff that she could return to her position, but she
refused.

Plaintiff alleges that ABM retaliated against her by not placing her in another position and
that it refused to pay her overtime for weekend work.

The Honorable William H. Pauley
July 28, 2008
Page 2

## II.    Plaintiff's Claims Cannot Survive Summary Judgment.

Plaintiff's claims are subject to dismissal as a matter of law for the following reasons:

### A.    Plaintiff's Gender Discrimination Claim Should be Dismissed.

At her deposition Plaintiff acknowledged that she had no intention of bringing, and had no facts to support, a claim of gender discrimination against ABM or Nagrowski. Accordingly, this claim should be dismissed on summary judgment.[1]

### B.    Plaintiff's Hostile Work Environment Claim Should Be Dismissed.

To maintain a hostile environment claim, Plaintiff must establish that her workplace was "permeated with discriminatory intimidation, ridicule, and insult" that was "sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment." Harris v. Forklift Sys., 510 U.S. 17, 21 (1993); Alfano v. Costello, 294 F.3d 365, 373 (2d Cir. 2002).[2] Plaintiff must show not only that she perceived the environment to be abusive, but also that the environment was objectively hostile and abusive. Mormol v. Costco, 364 F.3d 54, 58 (2d Cir. 2004). Plaintiff's allegations, even if they were true in their entirety, do not rise to this requisite level.

Plaintiff alleges only a few comments by Nagrowski directed at her or others in support of her hostile work environment claim. Plaintiff does not allege any touching or any requests for sex from Nagrowski. Clearly, the conduct of which Plaintiff complains does not rise to the level of "severe or pervasive" as required in the Second Circuit. See, e.g., Mormol, 364 F.3d at 55-56, 58-59 (manager asked plaintiff to have sex on several occasions and subsequently wrote her up for lateness); Dayes v. Pace Univ., 2 Fed. Appx. 204, 2001 U.S. App. LEXIS 1693, *3-6 (2d Cir. Feb. 5, 2001) (supervisor asked plaintiff out for drinks, offered to drive her home, acted like a "jealous husband," suggested spending a weekend together, stared at her, commented on her skirt and legs, and pulled his chair close to hers while placing his hand on her back). Accordingly, summary judgment is appropriate.

Additionally, Plaintiff's Title VII harassment claim against Nagrowski individually must be dismissed because there is no individual liability under Title VII. Tomka v. Seiler Corp., 66 F.3d 1295, 1313 (2d Cir. 1995). Further, Defendants cannot be liable for "aiding and abetting" under the state and local statutes because no such liability exists unless a primary violation of those statutes is found.

### C.    Plaintiff's Retaliation Complaint Should Be Dismissed.

To establish a prima facie case of retaliation, Plaintiff must demonstrate that: (1) she engaged in activity protected under Title VII; (2) she was subjected to an adverse employment action;

---

[1] Plaintiff also references national origin and citizenship discrimination in her Complaint. However, at her deposition, she acknowledged that she was not bringing such claims and the references were a drafting error.

[2] The standards for a hostile environment claim under the state and local staututes parallel those under Title VII. Cruz v. Coach Stores, 202 F.3d 560, 565 n.1 (2d Cir. 2000).

The Honorable William H. Pauley
July 28, 2008
Page 3

(3) the person who took the adverse action was aware of the protected activity; and (4) there was a causal connection between the protected activity and the adverse action. Slattery v. Swiss Reinsurance Am. Corp., 248 F.3d 87, 94 (2d Cir. 2001), cert. denied, 534 U.S. 951 (2001).[3]

Plaintiff cannot meet the second, third and fourth elements of her claim. As to the second and third elements, Plaintiff suffered no adverse employment action. Regarding her retaliatory termination claim, she walked off the job. ABM offered her job back but she refused, and there were no other positions available for which she was qualified at the time. Regarding her overtime claim, such a claim is baseless because Plaintiff claims she should have been paid at the overtime rate for working less than 40 hours a week. Under state and federal law, Plaintiff is not entitled to overtime unless she works in excess of 40 hours a week.

Even if Plaintiff could demonstrate an adverse employment action, she cannot show any causal connection between that action and her protected activity. Causation can be established either indirectly, by showing that the protected activity was followed closely by the adverse action, or directly, through evidence of retaliatory animus by the decision maker. Gordon v. Bd. of Ed., 232 F.3d 111, 117 (2d Cir. 2000). Not only was there no adverse action, but Plaintiff has no evidence of retaliatory animus to establish this inference.

Finally, Plaintiff's retaliation claim fails because she cannot show that the reasons for the alleged adverse employment action were a pretext for retaliation.[4] See Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708, 714 (2d Cir. 1996) (plaintiff must demonstrate that defendant's explanations are false and that retaliation motivated the adverse employment action). Plaintiff has no evidence to demonstrate pretext and summary judgment is mandated.

For the foregoing reasons, Defendants request a pre-motion conference regarding their anticipated motion for summary judgment. Additionally, Defendants request that the August 29, 2008 joint pre-trial order deadline and the final pre-trial conference set for September 5, 2008, be rescheduled to allow time for a briefing schedule and for the Court to consider Defendants' motion.

Respectfully submitted,

Deke W. Bond

cc:    Derek T. Smith, Esq. (via Overnight Courier)

---

[3] Plaintiff's state and local law retaliation claims are evaluated under the same standard as her federal claim. Hill v. Citibank Corp., 312 F. Supp. 2d 464, 477 (S.D.N.Y. 2004).

[4] Again, Nagrowski cannot be held individually liable for retaliation under Title VII and Defendants cannot be held liable for "aiding and abetting" under state and local laws because there is no such liability without a primary violation of the statutes.